**Eric A. Prager**
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-3900
Fax: (212) 536-3901
Email: eric.prager@klgates.com

**Tigran Guledjian,** *pro hac vice to be filed*
E-mail: *tigranguledjian@quinnemanuel.com*
**Richard H. Doss,** *pro hac vice to be filed*
E-mail: *richarddoss@quinnemanuel.com*
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Tel.:  (213) 443-3000
Fax:  (213) 443-3100

Attorneys for Plaintiffs Seiko Epson Corporation,
Epson America, Inc., and Epson Portland Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SEIKO EPSON CORPORATION,** a Japan corporation; **EPSON AMERICA, INC.,** a California corporation; and **EPSON PORTLAND INC.,** an Oregon corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **E-Z INK INC**., a New York corporation, <br><br> Defendant. | Civil No. _____ <br><br><br> **COMPLAINT FOR:** <br><br> **PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc., (collectively, "Epson"), for their Complaint herein, allege as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement of United States Patent No. 8,454,116 ("the '116 patent") arising under the patent laws of the United States, 35 U.S.C. § 1 *et. seq.*

2.     The infringing products at issue are aftermarket ink cartridges for use with Epson printers.  Over the years Epson has brought numerous actions in various district courts as well as the United States International Trade Commission ("ITC") for infringement of its patents. In fact, the ITC has issued two general exclusion orders that prohibit the importation of ink cartridges that infringe certain Epson patents, including the '116 patent asserted in this case. Epson's patent enforcement efforts have been widely marketed, covered, and reported by the aftermarket ink cartridge industry and by Epson itself.  As a result, the aftermarket ink cartridge industry is intimately familiar with the ITC's general exclusion orders and Epson's patents. Players in the aftermarket ink cartridge industry know that importation and sale of ink cartridges for use with Epson printers may violate the ITC's general exclusion orders and infringe Epson's patents.  Epson also gives notice of its patents, including the '116 patent, by virtually marking its cartridges pursuant to  35 U.S.C. § 287(a).  Nevertheless, infringers continue to import and sell infringing ink cartridges in flagrant violation of the ITC's general exclusion orders, United States patent law, and Epson's patents.  The defendant in this case is a willful infringer of Epson's patents, including the '116 patent, and a violator of the ITC's general exclusion orders.  Epson brings this action to recover money damages, for a preliminary and permanent injunction, and for other relief as set forth herein.

**RELATED ACTIONS**

3.     This action is related to the following ten recently filed actions because the '116 patent asserted here is in the same family of patents as the patents asserted in the following cases and because the products at issue in this case and the following cases are the same, namely, infringing aftermarket ink cartridges for use with Epson printers:

a.     *Seiko Epson Corporation, et al. v. Prinko Image Co. (USA), Inc.*, Civil No. 2:17-cv-04501-AB (JCx) (C.D. Cal.) filed on June 16, 2017, currently pending;

b.     *Seiko Epson Corporation, et al. v. Soldcrazy USA LLC*, Civil No. 2:17-cv-04502-AB (JCx) (C.D. Cal.) filed on June 16, 2017, currently pending;

c.     *Seiko Epson Corporation, et al. v. Advance Image Manufacturers, Inc.*, Civil No. 3:17-cv-425-YY (D. Or.) filed on March 16, 2017, currently pending;

d.     *Seiko Epson Corporation, et al. v. OW Supplies Corp., et al.,* Civil No. 3:17-cv-363-YY (D. Or.) filed on March 3, 2017, concluded by settlement, consent judgment and permanent injunction;

e.     *Seiko Epson Corporation, et al. v. Ta Trix USA Inc.*, Civil No. 3:17-cv-369-YY (D. Or.) filed on March 3, 2017, concluded by settlement, consent judgment and permanent injunction;

f.     *Seiko Epson Corporation, et al. v. Gaea Supplies Corporation,*, Civil No. 3:17-cv-366-SB (D. Or.) filed on March 3, 2017, currently pending;

g. *Seiko Epson Corporation, et al. v. HT Tech, Inc. and HT Imaging Inc.*, Civil No. 3:16-cv-2321-YY (D. Or.) filed December 14, 2016, concluded by settlement, consent judgment and permanent injunction;

h. *Seiko Epson Corporation, et al. v. Inkjet2U LLP, et al.*, Civil No. 3:16-cv-2322-YY (D. Or.) filed on December 14, 2016, currently pending;

i. *Seiko Epson Corporation, et al. v. Shoppers Smart LLC, Houses Investing, LLLP and Houses Investing Of Florida, Corp.*, Civil No. 3:16-cv-2324-YY (D. Or.) filed on December 14, 2016, concluded by settlement, consent judgment and permanent injunction; and

j. *Seiko Epson Corporation, et al. v. Nano Business & Technology, Inc.*, Civil No. 3:16-cv-02211-YY (D. Or.), filed on November 22, 2016, concluded by settlement, consent judgment and permanent injunction.

4. This action is also related to five legal proceedings which were pending before the District Court of Oregon, all of which have been concluded by settlement, entry of consent orders, and/or by entry of defaults and default judgments. Although the '116 patent at issue in this case was not at issue in the five Oregon cases, the products at issue in the five Oregon cases were also infringing aftermarket ink cartridges for use with Epson printers. The five Oregon cases are as follows:

a. *Seiko Epson Corporation, et al. v. Glory South Software Manufacturing Inc., et al.*, Civil No. 06-236-BR (D. Or.), closed June 15, 2012;

b. *Seiko Epson Corporation, et al. v. Glory South Software Manufacturing Inc., et al.*, Civil No. 06-477-BR (D. Or.), closed June 15, 2012;

c.   *Seiko Epson Corporation, et al. v. Abacus 24-7 LLC, et al.*, Civil No. 09-477-BR (D. Or.), closed June 15, 2012;

d.   *Seiko Epson Corporation, et al. v. E-Babylon, Inc., et al.*, Civil No. 07-896-BR (D. Or.), closed February 27, 2012; and

e.   *Seiko Epson Corporation, et al. v. Inkjetmadness.com, Inc., et al.*, Civil No. 08-452-BR (D. Or.), closed February 27, 2012.

5.     In addition, this action is related to *In the Matter of CERTAIN INK CARTRIDGES AND COMPONENTS THEREOF*, Investigation No. 337-TA-946, United States International Trade Commission, Washington, D.C., which was adjudicated by the ITC in a final determination (Commission Opinion, May 26, 2016) (the "ITC 946 Investigation") and in which the Commission issued a General Exclusion Order and certain Cease and Desist Orders that include the '116 patent.  The '116 patent asserted in this case was litigated in the ITC 946 Investigation against the same or overlapping groups of aftermarket ink cartridges that are accused of infringement in this action.

6.     Finally, this action is related to *In the Matter of CERTAIN INK CARTRIDGES AND COMPONENTS THEREOF*, Investigation No. 337-TA-565, United States International Trade Commission, Washington, D.C., which was adjudicated by the ITC in a final determination (Commission Opinion, Oct. 19, 2007) (the "ITC 565 Investigation") and in which the Commission issued a General Exclusion Order and certain Cease and Desist Orders. Although the '116 patent at issue in this case was not at issue in the ITC 565 Investigation, the products at issue there were also infringing aftermarket ink cartridges for use with Epson printers.

## THE PARTIES

7.     Plaintiff Seiko Epson Corporation ("Seiko Epson") is a corporation organized and existing under the laws of Japan.  Its principal place of business is located at 3-3-5 Owa Suwa-Shi Nagano-Ken, 392-8502, Japan.  Seiko Epson is the assignee of the '116 patent.

8.     Plaintiff Epson America, Inc. ("Epson America") is a corporation organized and existing under the laws of the State of California.  Its principal place of business is located at 3840 Kilroy Airport Way, Long Beach, California 90806.  As the North American sales, marketing and customer service affiliate of Seiko Epson, Epson America is the exclusive licensee of the '116 patent for distributing in the United States Epson ink cartridges that embody the inventions contained in the '116 patent, including cartridges manufactured by Epson Portland Inc.

9.     Plaintiff Epson Portland Inc. ("Epson Portland") is a corporation organized and existing under the laws of the State of Oregon.  Its principal place of business is located at 3950 NW Aloclek Place, Hillsboro, Oregon 97124.  Epson Portland is the exclusive licensee of the '116 patent for manufacturing in the United States Epson ink cartridges that embody the inventions contained in the '116 patent.  Seiko Epson, Epson America and Epson Portland are sometimes referred to collectively herein as "Epson" or "Plaintiffs."

10.     Plaintiffs produce and sell ink cartridges that operate with Epson ink jet printers utilizing Epson's patented technology and designs in the United States and in this judicial district.

11.     On information and belief, and according to the New York Secretary of State filings, defendant E-Z Ink Inc. ("E-Z Ink" or "Defendant") is a corporation organized and existing under the laws of the State of New York.  Based on information and belief, and according to E-Z Ink's filings with the New York Secretary of State, E-Z Ink's agent for service

of process is Wyman Xu and the address listed for E-Z Ink's principal executive office is 120 41st Street, Unit 2R, Brooklyn, New York, 11212. According to E-Z Ink's filings with the New York Secretary of State, E-Z Ink's Chief Executive Officer is Wyman Xu. Based on information and belief, and according to the domain name registration for the website www.ezink123.com, E-Z Ink is listed as the registered owner and the mailing address listed is 140 58th Street, Brooklyn, New York 11220. On information and belief, E-Z Ink operates a website located at www.ezink123.com and also does business online as E-Z Ink. On Defendant's www.ezink123.com website, E-Z Ink identifies its contact address as the same physical address set forth above, namely 140 58th Street, Building B, Unit 4E, Brooklyn, New York 11220. On information and belief, Defendant does business online as E-Z Ink through at least its www.ezink123.com website and through various online marketplaces, including www.amazon.com, www.ebay.com, and www.newegg.com. E-Z Ink has filed with the United States Patent and Trademark Office for registration as a trademark the mark "EZ-INK" as shown here:



EZ-Ink also indicates that it has a trademark by its use of the symbol "TM" after its use of the mark on E-Z Ink's online store on www.amazon.com, as shown in the annotated screen shot from E-Z Ink's online store on Amazon.com:



According to the United States Patent and Trademark Office's online records, on July 13, 2017, E-Z Ink filed an application, serial no. 87526868, for the mark E-Z Ink for the identified goods: "Ink cartridges, filled, for printers; Toner cartridges, filled, for inkjet printers; Toner cartridges, filled, for laser printers; Toner cartridges, filled, for printers and photocopiers; Filled ink cartridges; Filled ink cartridges for printers; Filled toner cartridges; Filled toner cartridges for photocopiers; Filled toner cartridges for printers; Filled ink jet cartridges; Photocopier toner in cartridges."

12.      On information and belief, Defendant imports, offers for sale, and sells ink cartridges that infringe the '116 patent complained of herein, including through Defendant's www.ezink123.com website and through the online marketplaces, including www.amazon.com, www.ebay.com, and www.newegg.com.  Defendant uses the logo shown below in its on-line business, which is the same logo that E-Z Ink is currently seeking trademark registration on, as discussed above.



Directly through its websites, Defendant offers for sale and sells ink cartridges that infringe the '116 patent as complained of herein.  For example, in the annotated screen capture below of a listing on their website, www.ezink123.com, visited on July 1, 2017, Defendant offers for sale infringing ink cartridges for Epson printers and describes the infringing ink cartridges as "Remanufactured Ink Cartridge Replacement for Epson 200XL 200XL High Capacity (Black)."



As another example, in the annotated screen capture below of one of E-Z Ink's listings on www.ebay.com, visited on October 31, 2017, Defendant offers for sale infringing ink cartridges for Epson printers and describes the infringing ink cartridges as "4P Black Cyan Magenta Yellow for 288XL Ink Cartridge fit Epson XP-446."



On information and belief, most sales by Defendant are of generic (i.e., without a particular "brand" identified) infringing ink cartridges.

13.      Numerous purchases of infringing ink cartridges were made by Epson from Defendant's www.ezink123.com website discussed above and EZ-Ink's online store on www.ebay.com.   The infringing ink cartridges purchased from Defendant's website were all shipped from the same address, identified as Defendant's primary and principal place of business, namely, 140 58th Street, Suite 4E Building B, Brooklyn, New York 11220.

## JURISDICTION AND VENUE

14.      The causes of action herein for patent infringement arise under the patent laws of the United States, 35 U.S.C. § 271.   This Court has subject matter jurisdiction over the claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).   This Court has personal jurisdiction of the Defendant at least because Defendant has committed acts of direct and indirect patent infringement in this judicial district and resides in this judicial district.   Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## CLAIM FOR RELIEF

### (Patent Infringement—35 U.S.C. § 271)

### INFRINGEMENT OF U.S. PATENT NO. 8,454,116

15.      Epson incorporates by reference each and every allegation contained in Paragraphs 1 through 14 as though fully set forth at length here.

16.      Epson owns all right, title, and interest in, including the right to sue thereon and the right to recover for infringement thereof, United States Patent No. 8,454,116 ("the '116 patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on June 4, 2013.   The '116 patent relates generally to ink cartridges for

printers.  Attached as Exhibit A to this Complaint is a true and correct copy of the '116 patent.

17.  The '116 patent is valid and enforceable.

18.  On information and belief after conducting a reasonable investigation, Defendant has infringed and is infringing the '116 patent, as defined by at least one claim of the patent in violation of 35 U.S.C. § 271(a) by making, using, importing, offering to sell, and selling in this judicial district and elsewhere aftermarket ink cartridges that operate with Epson ink jet printers, including but not limited to ink cartridges having model nos. 200XL, 288XL, and 410XL, as well as others that are no more than colorably different from the foregoing (collectively, the "Accused '116 Ink Cartridges").  The specific models of Accused '116 Ink Cartridges identified above were obtained by Epson during its investigation leading to this Complaint from Defendant's ezink123.com website and ebay.com online listings.  The Accused '116 Ink Cartridges were shipped by Defendant from its 140 58th Street, Suite 4E Building B, Brooklyn, New York 11220 address.

19.  As a non-limiting example, set forth below is a claim chart with a description of Defendant's infringement of claim 18 of the '116 patent by the Accused '116 Ink Cartridges.  The infringement is shown using a representative ink cartridge (Model No. 200XL; Control No.[1] 8565) from among the Accused '116 Ink Cartridges purchased from Defendant that, for infringement analysis purposes, is representative of and represents all of Defendant's ink cartridges within the Accused '116 Ink Cartridges (i.e., the represented ink cartridges), including, but not limited to, the models identified above.  The claim chart below refers to this ink cartridge as "the Representative '116 Ink Cartridge."  The Representative '116 Ink Cartridge was designed for use in a specific Epson printer, the Epson SureColor T5270D printer ("the Representative

---

[1]  For identification and chain-of-custody purposes, Epson assigns a unique "control number" ("Control No.") to ink cartridges it purchases as part of its investigation.

'116 Epson Printer"), and for purposes of the analysis set forth herein, the Representative '116

Ink Cartridge was tested in the Representative '116 Epson Printer, as discussed in further detail

in the claim chart below.

| Claim 18 of the '116 patent | Where found in the Accused '116 Ink Cartridges |
|---|---|
| [18a].  A circuit board mountable on a printing material container that is used in an ink jet printing apparatus, the ink jet printing apparatus having a print head and a plurality of apparatus-side contact forming members, the printing material container having a body and an ink supply opening, the ink supply opening having an exit on an exterior portion of the body and being adapted to supply ink from the printing material container to the printing apparatus, the circuit board comprising: | A circuit board is mounted on the Representative '116 Ink Cartridge (model no. 200XL; control no. 8565), which itself is a printing material container and that is used in an Epson ink jet printing apparatus (e.g., the Representative '116 Epson Printer) having a print head and a plurality of apparatus-side contact forming members. <br><br> The Representative '116 Ink Cartridge has a body and an ink supply opening having an exit on an exterior portion of the body and being adapted to supply ink from the Representative '116 Ink Cartridge to the Epson ink jet printing apparatus. <br><br> The Representative '116 Ink Cartridge is a printing material container with a mounted circuit board. <br><br> The following photos depict the circuit board (green with gold-colored metallic terminals) mounted on the Representative '116 Ink Cartridge containing black ink. <br><br>  <br><br> The Representative '116 Ink Cartridge is used in any of the following Epson ink jet printer (printing apparatus) models: Epson Expression Home XP-200, XP-300, XP-310, XP-400 and XP-410, and WorkForce WF-2520, WF2530 and WF-2540 (the "Epson Ink Jet Printers"). <br><br> The following photo depicts the Epson WorkForce WF-2540 ink jet printer. |



The Epson Ink Jet Printers each include a print head for printing and multiple printer-side contact forming members.

The Representative '116 Ink Cartridge has a body, as depicted below.



The Representative '116 Ink Cartridge has an ink supply opening having an exit on an exterior portion of the body.  When mounted, the ink supply opening is adapted to supply ink from the printing material container (i.e., the cartridge) to the Epson Ink Jet Printers.

The following photo depicts the exit of the Representative '116 Ink Cartridge's ink supply opening.



Accordingly, the Representative '116 Ink Cartridge literally meets the preamble of claim 18 of the '116 patent.

| [18b]  a memory device adapted to be driven by a memory driving voltage; | The circuit board mounted on the Representative '116 Ink Cartridge comprises a memory device that is adapted to be driven by a memory driving voltage. |
|---|---|
| | The following photo depicts the circuit board (green with gold-colored metallic terminals) mounted on the Representative '116 Ink Cartridge.  The memory device is located on the back of the circuit board and is not visible in this view.<br><br><br><br>All Epson ink jet printers that accept the Representative '116 Ink Cartridge have similar circuitry and programming in terms of the voltages and signals they apply to their contact forming members and, consequently, to the corresponding contact portions of the Representative '116 Ink Cartridge (the contact portions are located on the gold-colored metallic terminals of the ink cartridge shown above). In particular, Epson printers apply a maximum voltage of approximately 4 volts (a low voltage as compared to the high voltage discussed in the next limitation) to certain of their contact forming members that in turn correspond to certain of the contact portions of the Representative '116 Ink Cartridge that are connected to the memory.  Consequently, the memory device is adapted to be driven by a memory driving voltage. This was confirmed through testing during the ITC 946 Investigation.<br><br>Accordingly, the Representative '116 Ink Cartridge |

| | literally meets this limitation of claim 18 of the '116 patent. |
|---|---|
| [18c]  an electronic device adapted to receive a voltage higher than the memory driving voltage; and | The circuit board mounted on the Representative '116 Ink Cartridge comprises an electronic device that is adapted to receive a voltage that is a higher voltage than the voltage of the memory device.  The electronic device that receives a higher voltage may be, for example, a resistor, or one or more other coupled electronic components, that is/are capable of receiving a high voltage.  The electronic device is located on the back of a printed circuit board that is mounted on a wall of the Representative '116 Ink Cartridge shown in the above limitation.

Moreover, all Epson ink jet printers that accept the Representative '116 Ink Cartridge have similar circuitry and programming in terms of the voltages and signals they apply to their contact forming members and, consequently, to the corresponding contact portions of the circuit board mounted on the Representative '116 Ink Cartridge (the contact portions are located on the gold terminals of circuit board mounted on the ink cartridge shown above).  In particular, Epson printers apply a voltage of approximately 42 volts (a high voltage as compared to the low voltage of approximately 4 volts applied to the memory device discussed in the preceding limitation) to two of their contact forming members that in turn correspond to two of the contact portions of the circuit board mounted on the Representative '116 Ink Cartridge that are connected to the electronic device.  Consequently, the electronic device is adapted to receive and function with a high voltage.  This was confirmed through testing during the ITC 946 Investigation.

Accordingly, the Representative '116 Ink Cartridge literally meets this limitation of claim 18 of the '116 patent. |
| [18d]  a plurality of terminals having contact portions adapted and positioned to contact corresponding apparatus-side contact forming members so that electrical | The circuit board mounted on the Representative '116 Ink Cartridge comprises a plurality of terminals that have contact portions.  The contact portions are adapted and positioned on the cartridge so that, when the cartridge is mounted on the printer, the contact |

communication is enabled with the ink jet printing apparatus, the contact portions of the terminals including a plurality of memory contact portions electrically coupled to the memory device, a first electronic device contact portion electrically coupled to the electronic device, a second electronic device contact portion electrically coupled to the electronic device, and a short detection contact portion positioned and arranged to electrically contact a contact forming member that itself is electrically coupled to a short detection circuit of the printing apparatus, wherein:

portions of the cartridge's terminals contact corresponding printer-side contact forming members so that electrical communication is enabled with the printer.

As discussed at 18(a) and 18(b) *supra*, the terminals of the Representative '116 Ink Cartridge's circuit board are the gold colored metallic portions on the green circuit board, reproduced in enlarged form below.



To determine the precise location of the terminals' contact portions, the following steps were taken:  (1) using a marker, black ink was applied to the terminals and the terminal arrangement photographed; (2) the Representative '116 Ink Cartridge was installed in and removed from the printer; and (3) the terminal arrangement was photographed.  The following photo shows the terminals after the application of black ink with a marker.



The step of installing and removing the cartridge from the printer, causes the printer's contact forming members (discussed at 18(a), *supra*) to leave scratch marks on the terminals thereby removing a portion of the black ink that was applied with the marker.  The following photo shows the terminals after the cartridge was installed and removed from the printer.



The contact portions of the circuit board's terminals are the most pronounced portions of the scratch marks (all of which contact corresponding printer-side contact forming members so that electrical communication is enabled with the printer, e.g., so that the printer can read remaining ink level and other information from the memory device as described in 18(b), *supra*). The following annotated photo shows the location of the contact portions annotated by red circles.



The contact portions of the circuit board's terminals include a plurality of memory contact portions that are electrically coupled to the memory device. Each memory contact portion is electrically coupled by the terminal it appears on to a "via," which is a through-hole (through the circuit board) that electrically couples the terminal to wiring on the back of the circuit board. The wiring on the back of the circuit board electrically couples the via (and, therefore, the contact portion of the terminal) to an electrical lead of the IC chip containing the memory device mounted on the back of the circuit board. In combination, these components electrically couple the memory contact portion to the memory device.

The following annotated photo depicts the five memory contact portions (in blue) located on the terminals on the front of the circuit board.



memory contact portions

The contact portions of the circuit board's terminals include a first and second electronic device contact portion that are each electrically coupled to the electronic device (specifically, the resistor). Each electronic device contact portion is electrically coupled by the terminal it appears on to a via that electrically couples the terminal to wiring located on the back of the circuit board. The wiring on the back of the circuit board electrically couples the via (and, therefore, the contact portion of the terminal) to an electrical lead of the resistor mounted on the back of the circuit board. In combination, these components electrically couple the first and second electronic device contact portions to the resistor.

The following annotated photo depicts the first and second electronic device contact portions (in red) located on the terminals on the front of the circuit board.



first electronic device contact portion

second electronic device contact portion

The contact portions of the circuit board's terminals include a short detection contact portion that is positioned and arranged to electrically contact a contact forming member of the Epson Ink Jet Printers that is itself electrically coupled to a short detection

circuit of the printers.

The following photo depicts the short detection contact portion (in green).



short detection contact portion

Moreover, all Epson ink jet printers that accept the Representative '116 Ink Cartridge have similar circuitry and programming in terms of the operation of the short detection contact portion.  In particular, when the printers are operated while the short detection contact portion is electrically shorted to the second electronic device contact portion, the printers stop the receipt of the voltage higher than the memory driving voltage by the second electronic device contact portion, and display an error message to the user on the display screen of a connected computer and on the printer display screen (if the printer has a display screen). This was confirmed through testing during the ITC 946 Investigation.
Accordingly, the Representative '116 Ink Cartridge literally meets this limitation of claim 18 of the '116 patent.

| | |
|---|---|
| [18e]  the contact portions are arranged so that, when the terminal arrangement is viewed from the vantage of the contact forming members, with the terminals oriented as if in contact with the contact forming members so that electrical communication is enabled with the ink jet printing apparatus, and with the ink cartridge oriented with the exit of the ink supply opening facing downwards, the contact portion farthest to the left is the first electronic device contact | The contact portions of the Representative '116 Ink Cartridge's circuit board are arranged so that, when the terminal arrangement is viewed from the vantage of the printer's contact forming members, with the terminals oriented as if in contact with the contact forming members so that electrical communication is enabled with the printer, and with the ink cartridge oriented so that the exit of the ink supply opening faces downwards, then the contact portion farthest to the left is the first electronic device contact portion, the contact portion that is farthest to the right is the second electronic device contact portion, the contact portion that is second farthest to the right is a short detection contact portion, and the memory contact portions are |

portion, the contact portion that is farthest to the right is the second electronic device contact portion, the contact portion that is second farthest to the right is the short detection contact portion, and the memory contact portions are located to the left of the short detection contact portion and to the right of the first electronic device contact portion.

located to the left of the short detection contact portion and to the right of the first electronic device contact portion.

The following photo depicts the terminal arrangement when it is viewed from the vantage of the printer's contact forming members, with the terminals oriented as if in contact with the contact forming members so that electrical communication is enabled with the printer, and with the ink cartridge oriented so that the exit of the ink supply opening faces downwards.



terminal arrangement viewed from vantage of printer's contact forming members . . . with the exit of the ink supply opening facing downwards

The following photo depicts the arrangement of the contact portions when the terminal arrangement is viewed as described above.



Accordingly, the Representative '116 Ink Cartridge literally meets this limitation of claim 18 of the '116 patent.

20.     On information and belief, Defendant has and is actively, knowingly and intentionally aiding and abetting and inducing infringement of the '116 patent by non-parties in violation of 35 U.S.C. § 271(b), including end-users, despite Defendant's knowledge of the '116 patent.

21.     On information and belief, Defendant is contributing to the infringement of the '116 patent in violation of 35 U.S.C. § 271(c) by non-parties by offering to sell or selling within the United States or importing into the United States components of the patented inventions set forth in the '116 patent.  The components constitute a material part of the inventions.  Defendant knows that such components are especially made or especially adapted for use in an infringement of the '116 patent.  The components are not a staple article or commodity of commerce suitable for substantial noninfringing use.

22.     By reason of Defendant's infringing activities, Epson has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial.

23.     Defendant's acts complained of herein have damaged and will continue to damage Epson irreparably.  Epson has no adequate remedy at law for these wrongs and injuries. Epson is therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant and its agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the claims of the '116 patent.

24.     Defendant is not licensed or otherwise authorized to make, use, import, sell, or offer to sell any ink cartridge claimed in the '116 patent, and Defendant's conduct is, in every instance, without Epson's consent.

25.     On information and belief, Defendant's infringement has been and continues to be willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Epson prays for judgment against Defendant as follows:

A.      That the '116 patent is valid and enforceable;

B.      That Defendant has infringed and is infringing the '116 patent;

C.      That such infringement is willful;

D.      That Defendant and its subsidiaries, affiliates, parents, successors, assigns, officers, agents, representatives, servants, and employees, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from continued infringement of the '116 patent;

E.      That Defendant be ordered to pay Epson its damages caused by Defendant's infringement of the '116 patent and that such damages be trebled, together with interest thereon;

F.      That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Epson be awarded its reasonable attorneys' fees, litigation expenses and expert witness fees, and costs; and

G.      That Epson have such other and further relief as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs request a trial by jury of all issues so triable.


DATED:  March 2, 2018

By:  s/ Eric A. Prager
**Eric A. Prager**
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-3900
Fax: (212) 536-3901
Email: eric.prager@klgates.com


**Tigran Guledjian**
*pro hac vice to be filed*
**Richard H. Doss**
*pro hac vice to be filed*
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone:  (213) 443-3000

*Attorneys for Plaintiffs Seiko Epson Corporation, Epson America, Inc., and Epson Portland Inc.*